FILED
2018 Nov-09  AM 08:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
HUNTSVILLE DIVISION**

| | |
|---|---|
| JORDON JACKSON,<br>KENDRA JONES,<br>TERRY MATTHEWS III, and<br>SIMEON SYKES,<br><br>       *Plaintiffs*,<br><br> v.<br><br>MADISON COUNTY BOARD OF REGISTRARS;<br>LYNDA HAIRSTON, in her official capacity as<br>Chairman of the Madison County Board of<br>Registrars; and JOHN MERRILL, in his official<br>capacity as Secretary of State of Alabama,<br><br>       *Defendants*. | Civil Case No. _____ |

**<u>COMPLAINT</u>**

**NATURE OF THE CASE**

1. "No right is more precious in a free country than having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Reynolds v. Sims*, 377 U.S. 533, 560 (1964). (quoting *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964)).

2. Defendants, the Madison County Board of Registrars (Board of Registrars), Lynda Hairston, Chairman of the Board of Registrars, and Secretary of State John Merrill, unlawfully denied Plaintiffs Jordon Jackson, Kendra Jones, Terry Matthews III, and Simeon Sykes—African American Students at Alabama Agricultural and Mechanical University (AAMU)—this most fundamental right.

3.     Plaintiffs timely submitted completed voter registration forms to the Board of Registrars, yet their applications were not processed before the 2018 General Election, held on November 6, 2018 (the election or Election Day). As a result, poll workers informed Plaintiffs that they were not registered to vote, and thus made them cast provisional ballots. Yet the day after the election, the Alabama Secretary of State's website listed Plaintiffs as registered to vote with their polling place listed as the gymnasium at AAMU. Further, Plaintiffs also confirmed on the website that Defendants have failed to certify their provisional ballots, meaning their ballots will not be counted.

4.     Defendants' failure to timely process Plaintiffs' registrations forms, and the subsequent rejection of their ballots, violates the Fourteenth, Fifteenth, and Twenty-Sixth Amendments to the United States Constitution, the National Voter Registration Act of 1993, and the Voting Rights Act of 1965.

5.     This Court should grant emergency injunctive and declaratory relief, and order Defendants to count Plaintiffs' provisional ballots.

## JURISDICTION AND VENUE

6.     This is a civil rights action arising under the Fourteenth, Fifteenth, and Twenty-Sixth Amendments to the Constitution, the National Voter Registration Act of 1993, *see* 52 U.S.C. § 20507(a)(1), and the Voting Rights Act of 1965, *see* 52 U.S.C. § 10307, and 42 U.S.C. § 1983.

7.     This Court has jurisdiction under 28 U.S.C. § 1331.

8.     Venue is proper in this District under 28 U.S.C § 1391 because the events giving rise to Plaintiffs' claims arose in this District and Division.

## PARTIES

9.     Plaintiff Jordon Jackson is an African American student at AAMU. She lives in a dormitory on campus and is eligible to vote in Madison County. She filled out a voter registration

2

form and caused it to be submitted to the Board of Registrars in or about the week of October 14, 2018.

10.    Plaintiff Kendra Jones is an African American student at AAMU. She lives in and is eligible to vote in Madison County. She registered to vote on or about October 10, 2018.

11.    Plaintiff Terry Matthews III is an African American student at AAMU. He lives in a dormitory on campus and is eligible to vote in Madison County. He filled out a voter registration form and caused it to be submitted to the Board of Registrars in mid-October 2018.

12.    Plaintiff Simeon Sykes is an African American student at AAMU. He lives in a dormitory on campus and is eligible to vote in Madison County. He filled out a voter registration form and caused it to be submitted to the Board of Registrars on or about October 10, 2018.

13.    Defendant, Madison County Board of Registrars (Board of Registrars) manages the registration of voters and maintenance of all voter registration records for Madison County. The Board of Registrars has three members: Lynda Hairston, Nan Guyette, and Delores Thompson. Each member is appointed to four-year terms by the Governor of Alabama, the Alabama State Auditor, and the Alabama Commissioner of Agriculture and Industries. The Board of Registrars determines whether a provisional ballot shall be counted. *See* Ala. Code § 17-10-2.

14.    Defendant Lynda Harriston is the Chairman of the Madison County Board of Registrars.

15.    Defendant John Merrill is Secretary of State of Alabama. In that capacity, he is Alabama's chief election official and is responsible for certifying the election results. *See* Ala. Code §§ 17-1-3, 17-9-3.

## STATEMENT OF FACTS

16.    Founded in 1875, Alabama Agricultural and Mechanical University is a historically Black university with 6,108 full- and part-time students.[1] About 92% of AAMU's students are Black.[2]

17.    AAMU's campus is in the city of Huntsville, Madison County, Alabama. According to the 2010 Census, Huntsville's population is 60% white and 31% Black. Madison County's population is 68% white and 24% Black. Thus, AAMU is a majority-Black university located in a majority-white city and county. Furthermore, of the Black registered voters in Madison County, 70.5 percent are 18-21 years old—college age.

18.    Between the start of the AAMU Fall 2018 semester and October 22, 2018—the Alabama deadline to register to vote—over 1000 registrations forms were collected from AAMU students and submitted to the Board of Registrars. Organizers who held voter registration drives hand-delivered many of these applications to the Registrars' office. On one occasion, an organizer checking in on problems she had heard AAMU students were having with their registrations and was told by Defendant Hairston: "we don't have these problems at UAH," a reference to the predominately-white University of Alabama at Huntsville. On another occasion, a different organizer was told by a registration clerk "these are not going to go through" when she delivered registration forms from Oakwood University, another historically Black university.

19.    During the weeks preceding the November 2018 election, many AAMU students experienced barriers to registering to vote, which, on information and belief, are attributable to

---

[1] Ala. A&M Univ., *AAMU Enrollment Growth Enters Sixth Consecutive Year* (last visited Nov. 7, 2018), http://www.aamu.edu/news/2011/Pages/Enrollment-Increase.aspx.

[2] Ala. A&M Univ., *Quick Facts* (last visited Nov. 7, 2018), http://www.aamu.edu/administrativeoffices/irpsp/InstitutionalResearchandPlanning/Pages/Quick-Facts.aspx

4

Defendants' actions. These included unjustified rejections or delayed processing of students' voter registration applications and students being placed on inactive status for improper reasons. *See, e.g.*, Ltr. from NAACP LDF to Lynda Hairston, Chairman, Madison County Board of Registrars (Nov. 2, 2018), https://www.naacpldf.org/wp-content/uploads/2018.11.2-letter_madison-cty_final.pdf.

20.    On October 31, 2018, Madison County Probate Judge, the chief election official for Madison County, reportedly characterized the burdens that Defendants were imposing on AAMU students' right to vote as "voter suppression" and stated that such actions give Madison County "a black eye."[3]

21.    Prior to October 22, 2018, Alabama's registration deadline for the November 2018 general election, Plaintiffs timely caused to be submitted voter-registration applications either directly to Defendant Madison County Board of Registrars or online at the website operated by Defendant Secretary Merrill, alabamavotes.gov.

22.    Plaintiffs Jackson, Matthews, and Sykes all completed paper applications as part of on-campus voter registration drives, which were then hand-delivered by third parties to the Board of Registrars. Indeed, other students who submitted applications at the same registration drives were registered to vote and were able to cast regular ballots. Plaintiff Jones submitted her application online.

23.    After timely causing to be submitted their voter-registration applications, Plaintiffs received no further communication or notification from Defendants as to the status of their

---

[3] Lee Roop & Paul Gattis, *Voter suppression concerns surface in Huntsville as election nears*, AL.com (Oct. 31, 2018), https://www.al.com/news/2018/11/voter-suppression-concerns-surface-in-huntsville-as-election-nears.html.

applications and were not made aware of any issues in need of correction. Nor did they receive confirmation of their registrations being received.

24.    Despite registering before the October 22 deadline, when Plaintiffs arrived at their assigned polling place on Election Day, they were told by the poll workers that their registrations were not in the system, and they therefore had to cast provisional ballots. Plaintiffs' experiences are not isolated incidents: on information and belief, over 175 provisional ballots were cast at the AAMU polling place. Moreover, the AAMU polling location ran out of provisional ballots multiple times throughout Election Day, leading to hour-plus long wait times to cast provisional ballots and students having to leave without voting.

25.    Yet, on November 7, 2018, the day *after* the election, when Plaintiffs checked their registration statuses on the Alabama Secretary of State's Official Website,[4] their registration statuses were listed as active and their assigned polling place was the AAMU location. However, the provisional ballots were listed as rejected because the voters were purportedly not registered at the time of the election (for Plaintiffs Jackson and Matthews), or because they were purportedly not registered in that county (for Plaintiffs Jones and Sykes).

26.    Because Defendants did not timely process Plaintiffs' registrations, they were forced to cast provisional ballots, which were subsequently rejected. In so doing, Defendants violated the Fourteenth, Fifteenth, and Twenty-Sixth Amendments, the NVRA, and the VRA.

### CAUSES OF ACTION

### First Cause of Action

*Violation of the Fourteenth Amendment*

27.    Plaintiffs incorporate the allegations in the above paragraphs.

---

[4] *See* https://myinfo.alabamavotes.gov/VoterView/Home.do.

6

28.     Voting is recognized as a fundamental right. Any restriction or limitation of that fundamental right must be done in accordance with due process and equal protection principles.

29.     At a minimum, these constitutional principles require the State to register voters who complete timely registration applications.

30.     Here, each of the Plaintiffs completed timely registration applications, which Defendants ultimately accepted. However, Defendants did not do so until the day *after* the election, requiring Plaintiffs to cast provisional ballots on Election Day, which were then rejected.

31.     In failing to permit students who filed timely registration applications to have their votes counted in the November 6, 2018 election, Defendants violated the Fourteenth Amendment.

## Second Cause of Action

*Violation of the Fifteenth Amendment*

32.     Plaintiffs incorporate the allegations in the above numbered paragraphs.

33.     The Fifteenth Amendment declares that "[n]o American citizen should have the right to vote denied or abridged on account of race." U.S. Const. amend. XV.

34.     In the course of the registration process, registration officials made comments indicating concerns about, or skepticism towards, registration drives targeted at two historically Black colleges and universities in Madison County. This supports an inference that the failure to timely process Plaintiffs' registration applications was motivated, at least in part, by racial bias.

35.     The Board of Registrars' failure to timely process registration applications by Plaintiffs, African American college students, violated the Fifteenth Amendment.

## Third Cause of Action

*Violation of the Twenty-Sixth Amendment*

36.     Plaintiffs incorporate the allegations in the above numbered paragraphs.

7

37. The Twenty-Sixth Amendment prohibits limitations on the right to vote based on age so long as a person is 18 years old. The Twenty-Sixth Amendment has "particular relevance for the college youth who comprise approximately 50 per cent of all who were enfranchised by this amendment." *Walgren v. Howes*, 482 F.2d 95, 101 (1st Cir. 1973).

38. Here, Defendants' unreasonable and improper restrictions on AAMU students' right to vote is inconsistent with the Twenty-Sixth Amendment.

### Fourth Cause of Action

*Violation of the National Voter Registration Act*

39. Plaintiffs' incorporate the allegations in the above numbered paragraphs.

40. The NVRA unequivocally declares that "each State shall ensure that any eligible applicant is registered to vote in an election" so long as a "valid registration form is received by the appropriate State election official not later than the . . . the period provided by State law, before the date of the election." 52 U.S.C. § 20507.

41. Plaintiffs timely submitted registration applications to the Board of Registrars prior to the October 22, 2018, registration deadline set by the State. Yet, Defendants did not process Plaintiffs' applications in time for the election.

42. Defendants' failure to ensure Plaintiffs were registered to vote in time for the election violates the NVRA.

### Fifth Cause of Action

*Violation of the Voting Rights Act of 1965*

43. The VRA states that "No person acting under color of law shall fail or refuse to permit any person to vote who is entitled to vote . . .." 52 U.S.C. § 10307.

8

44.   Here, Defendants, acting under the color of state law, refused Plaintiffs the vote despite the fact they were eligible to vote and timely submitted registration applications to the Board of Registrars.

45.   Defendants' denial of Plaintiffs' rights to vote violates the VRA.

### PRAYER FOR RELIEF

46.   WHEREFORE, Plaintiffs respectfully pray that the Court:

(1)   Issue a declaratory judgment that any voter forced to cast a provisional ballot notwithstanding their submission of a voter registration of form on or before October 22, 2018, shall have their provisional ballot accepted and counted;

(2)   Enter a temporary restraining order and injunction requiring Defendants to accept and count the provisional ballots cast by Plaintiffs.

(3)   Require Defendants to implement procedures such that no future voter who timely submits a voter-registration application is not registered by election day and therefore unable to cast a regular ballot, including but not limited to, training and monitoring registration officials to ensure the timely processing of voter-registration applications.

Respectfully submitted on November 8, 2018.

/s/ Kerri Johnson Riley
Kerri Johnson Riley (asb 9641-e67k)
KERRI JOHNSON RILEY, PC
120 Holmes Avenue, Suite 403
Huntsville, AL 35801
Phone: (256) 535-0800
Fax: (256) 535-0834
kjr@kerrijohnsonriley.net

Catherine Meza*
Daniel S. Harawa*
Kerrel Murray*
NAACP LEGAL DEFENSE &
     EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org
dharawa@naacpldf.org
kmurray@naacpldf.org

*Motions for Pro Hac Vice pending

Counsel for Plaintiffs

10